IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America,<br><br>　　　　　　　Plaintiff/Respondent,<br><br>vs.<br><br>Kevin Edward Heath, Jr.,<br>a/k/a Moody Nephew,<br>a/k/a Kash Brotha,<br><br>　　　　　　　Defendant/Movant. | Criminal No.: 1:23-cr-00061<br>Civil No.: 1:25-cv-00154 |

### ORDER DENYING MOTION TO VACATE UNDER 28 U.S.C. SECTION 2255

#### INTRODUCTION

[¶ 1]    THIS MATTER comes before the Court on a Motion to Vacate under 28 U.S.C. § 2255 filed by the Defendant and Movant Kevin Edward Heath, Jr. ("Heath") on June 30, 2025. Doc No. 41. The United States filed a Response on September 5, 2025. Doc. No. 47. Heath filed a Supplement on October 1, 2025. Doc. No. 53. For the reasons set forth below, the Motion to Vacate is **DENIED.**

#### BACKGROUND

[¶ 2]    An Indictment filed on April 12, 2023, charged Heath with (1) Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances and (2) Possession with Intent to Distribute Controlled Substances. Doc. No. 1.

[¶ 3]    The Parties entered into a plea agreement for Heath to voluntarily plead guilty to the Possession with Intent to Distribute charge, which carried a twenty-year maximum sentence. Doc. No. 25, ¶¶ 4, 7; 18 U.S.C. § 841(b)(1)(C). The United States agreed to dismiss Count One at the

- 1 -

sentencing hearing. Doc. No. 25, ¶ 18. In the plea agreement, the parties agreed that certain Sentencing Guidelines would likely apply. Id. ¶¶ 13–15. The parties agreed the Base Offense Level for Heath's conduct was 24, based upon a drug quantity of 40–160 grams of fentanyl. Id. ¶ 13. The United States agreed to move for and recommend a reduction to the offense level of three levels for timely acceptance of responsibility. Id. The plea agreement specifically indicated neither the Court, nor the United States Probation Office were bound by the parties' agreement as to the Sentencing Guidelines. Id. ¶ 16.

[¶ 4]   The Parties also agreed the plea agreement's contemplated Guidelines range was not guaranteed to be included in the Pre-Sentence Investigation Report ("PSR") or applied by the Court. Id. ¶ 17. The standard appeal waiver was included, in which Heath waived his right to appeal or challenge his conviction or sentence, including a collateral attack under 28 U.S.C. § 2255. Id. ¶ 25. The appeal waiver reserved to Heath the right to appeal an above-guidelines sentence and to claim ineffective assistance of counsel as to the validity of the guilty plea or appeal waiver. Id.

[¶ 5]   Heath changed his plea on April 8, 2024. See Doc. No. 44, p. 1. During the hearing, the usual Rule 11 colloquy occurred between the Court and the Defendant. See Id. at 4–20. Heath acknowledged his attorney satisfactorily answered all his questions before signing the plea agreement. Id. at 6, 19. The Court reviewed specific provisions of the plea agreement with Heath, including paragraphs 4, 5, 6 and 7. Id. at 9–12. Heath acknowledged he was voluntarily pleading guilty to Count Two of the Indictment. Id. at 9. Heath acknowledged he was aware the plea agreement was "non-binding" on the Court, noting specifically that he was aware the Court was not required to follow the parties' plea agreement and could sentence Heath up to the maximum punishment. Id. at 9–11.

[¶ 6]    Heath also acknowledged he understood by entering his plea pursuant to the plea agreement he waived his right to appeal and to collaterally attack his conviction and sentence. Id. at 17. The Court ordered a PSR be prepared prior to sentencing. Id. at 22–23.

[¶ 7]    The PSR calculated Heath's total offense level as 25 and his criminal history as category II, resulting in a Guidelines range of 63–78 months. Doc. No. 31, ¶ 55. In calculating the total offense level, the PSR applied a four-level upward adjustment pursuant to USSG § 2D1.1(b)(13) based upon the probation officer's determination Heath had knowingly misrepresented or knowingly marketed as another substance a mixture or substance containing fentanyl or a fentanyl analogue. Id. ¶ 13.

[¶ 8]    Prior to sentencing, Heath reiterated his objection to the application of USSG § 2D1.1(b)(13) within the Guidelines calculations. Doc. No. 33. At the sentencing hearing, the Court provided each party an opportunity to comment on the PSR and the Guidelines calculations therein. Doc. No. 45, pp. 4–5. The Court found the upward adjustment was properly applied. Id. at 6. The Court stated Heath was not involved in the distributing powder fentanyl. Instead, Heath sold pills and had pills in his possession that appeared to resemble prescription oxycodone where there is a significant risk to individuals based upon the sale of counterfeit pills. Id. at 5. The Court, therefore, adopted the Guidelines as calculated within the PSR with the calculated range of 63–78 months. Id. at 6–7.

[¶ 9]    The Court sentenced Heath to 70 months imprisonment and 3 years supervised release, a sentence within the Guidelines sentencing range. Id. at 7–22. A Judgment was filed on July 8, 2024. Doc. 36. Heath did not appeal.

**DISCUSSION**

[¶ 10]  "28 U.S.C. § 2255 provides a federal prisoner an avenue for relief if his 'sentence was imposed in violation of the Constitution or laws of the United States, or . . . was in excess of the maximum authorized by law.'" King v. United States, 595 F.3d 844, 852 (8th Cir. 2010) (quoting 28 U.S.C. § 2255(a)). A § 2255 movant must show either constitutional or jurisdictional error, or a "fundamental defect" resulting in a "complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).

[¶ 11]  A § 2255 motion "may be dismissed without a hearing if (1) [the] movant's allegation, accepted as true, would not entitle the petitioner to relief, or (2) [the] allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions rather than statements of fact." Winters v. United States, 716 F.3d 1098, 1103 (8th Cir. 2013).

I. **Application of USSG Section 2D1.1(b)(13)**

[¶ 12]  Heath argues the Court's application of the upward adjustment based upon USSG § 2D1.1(b)(13) was unreasonable. The United States argues that Heath's claim is not cognizable under 28 U.S.C. § 2255 and that it falls under the appeal waiver in the plea agreement.

[¶ 13]  By its nature, Heath's claim the Court incorrectly applied USSG § 2D1.1(b)(13) is not a constitutional question. Non-constitutional claims allowed under § 2255 are circumscribed to those resulting in a "miscarriage of justice" or "omission[s] inconsistent with the rudimentary demands of fair procedure." Hill, 368 U.S. at 428. Ordinary questions of guideline interpretation falling short of the "miscarriage of justice" standard do not present a proper § 2255 claim. Sun Bear v. United States, 644 F.3d 700, 704 (8th Cir. 2011). Such questions may not be relitigated under § 2255. Id. The Eighth Circuit has previously held there is no miscarriage of justice based on an

erroneous application of the Guidelines if the defendant is sentenced within the statutory maximum sentence available. Id. at 705.

[¶ 14] The maximum penalty for Heath's conviction was 20 years imprisonment. See 18 U.S.C. § 841(b)(1)(C). Heath was sentenced to 70 months which is well within this maximum allowable term. Doc. No. 45, pp. 7–22. Thus, because Heath's claim in this regard is merely an alleged erroneous application of a guideline, his claim cannot constitute a "miscarriage of justice" and is therefore not cognizable under § 2255. Sun Bear, 644 F.3d at 704.

[¶ 15] Even if Heath's claim was cognizable under § 2255, he would not be entitled to relief because he cannot demonstrate that the Court erroneously determined this upward adjustment applied. Davis, 417 U.S. at 346. In his claim, Heath argues the upward adjustment should not have been applied because "there are no fentanyl deaths or overdose in this case to warrant the 2D1.1(b)(13) enhancement." Doc. No. 41, p. 4. This argument misses the mark.

[¶ 16] A four-level upward adjustment to the offense level is applied if a defendant knowingly misrepresented or knowingly marketed as another substance a mixture or substance containing fentanyl or a fentanyl analogue. See USSG § 2D1.1(b)(13). This Guideline does not require any death, overdose, or injury to have occurred in any manner to any person before the Guideline may be applied. Nor does Heath cite to any case requiring the same. Marketing does not require overt misrepresentation; otherwise, the use of the word "misrepresentation" in the Guideline would be meaningless. See Pulsifer v. United States, 601 U.S. 124, 143 (2024) ("When a statutory construction thus 'render[s] an entire subparagraph meaningless' this Court has noted, the canon against surplusage applies with special force." (quoting Nat'l Assn. of Mfrs. v. Dep't of Def., 583 U.S. 109, 128 (2018))). Accordingly, there is no requirement that a defendant overtly or actively misrepresent the nature of the fentanyl pills when they are distributed. The deceptive

pharmaceutical imprint on those pills is sufficient for a court to find a defendant had knowingly marketed fentanyl as another substance. Doc. No. 31, ¶ 13. Therefore, Heath has not demonstrated the Court erroneously applied the applicable Guideline.

[¶ 17] Finally, Heath knowingly and voluntarily waived his right to raise this issue in a § 2255 proceeding. A waiver of appeal and post-conviction relief is enforceable if the issue raised within the appeal or post-conviction motion falls within the scope of the waiver, the execution of the waiver and plea agreement was knowing and voluntary, and applying the waiver would not result in a miscarriage of justice. Ackerland v. United States, 633 F.3d 698, 701 (8th Cir. 2011). In the waiver provision of the plea agreement, Heath agreed to waive all his rights to collaterally attack his conviction or sentence, reserving only a right to collaterally attack based on a claim of ineffective assistance of counsel that challenges the validity of the guilty plea or the waiver provision. Doc. No. 25, ¶ 25.

[¶ 18] Heath does not argue his entry into the plea agreement and/or the waiver was not knowing or voluntary. In fact, Heath admits in his motion that he "knowingly" entered into the plea agreement. Doc. No. 41, p. 3. Thus, the record reflects Heath's waiver was knowing and voluntary. Enforcing the waiver would not result in a miscarriage of justice. Heath was sentenced within the maximum penalty permissible in this case. Therefore, no miscarriage of justice would occur through enforcement of the waiver. Sun Bear, 644 F.3d at 704. Accordingly, USSG § 2D1.1(b)(13) was properly applied, and Heath's claim is barred by the appeal waiver.

## II. Ineffective Assistance of Counsel

[¶ 19] Heath also asserts his counsel was ineffective for failing to appeal the Court's application of the four-level upward adjustment in USSG § 2D1.1(b)(13) in it sentencing guideline calculation. Doc. No. 41, p. 4. The United States argues that Heath's counsel was not ineffective for failing to

appeal the guideline calculation issue since Heath had waived his right to appeal as part of his plea agreement. Doc. No. 47, p. 15.

[¶ 20]   The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. To be eligible for habeas relief based on ineffective assistance of counsel, a defendant must satisfy the two-part test set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). The first prong asks whether defense counsel's representation was constitutionally deficient. Id. at 687–88. This requires a showing counsel's performance fell below an objective standard of reasonableness. Id. Ordinarily, if a defendant has shown deficient performance, he must then demonstrate defense counsel's performance prejudiced the defendant. Id. at 687. "[T]here [must be] a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Id. at 694. When reviewing a claim for failure to appeal, "[a]n attorney's failure to file a notice of appeal upon the client's request constitutes ineffective assistance of counsel, and no specific showing of prejudice is required." United States v. Sellner, 773 F.3d 927, 930 (8th Cir. 2014).

[¶ 21]   Heath asserts that his trial counsel should have sought appeal and was ineffective for not doing so. Doc. No. 41. Fatal to his claim, however, is any indication he instructed his attorney to file a notice of appeal. Therefore, he has not shown counsel's performance was deficient in not appeal his sentence. Indeed, such an appeal would have been frivolous because it was barred by the appeal waiver. See Thai v. Mapes, 412 F.3d 970, 979 (8th Cir. 2005) (counsel not ineffective for failing to raise meritless argument); Rodriguez v. United States, 17 F.3d 225, 226 (8th Cir. 1994) (per curium) (holding that "counsel's failure to advance a meritless argument cannot constitute ineffective assistance").

[¶ 22] Assuming Heath's claim is actually for failure to advise him of the potential guidelines error, Heath is still not entitled to any relief as he cannot show any resulting prejudice. Young, 161 F.3d at 1160. Heath fails to present any evidence of prejudice in his motion based upon counsel's failure to appeal this issue. Had his counsel appealed the District Court's application of USSG § 2D1.1(b)(13), that appeal would have been dismissed as this issue fell within the scope of the valid and enforceable appeal waiver within Heath's plea agreement. United States v. Bradford, 113 F.4th 1019, 1024 (8th Cir. 2024). The record fully demonstrates Heath knowingly and voluntarily entered into the plea agreement. Heath has not demonstrated prejudice based on his allegation that his counsel was ineffective for failing to appeal the Court's application of USSG § 2D1.1(b)(13) when he did not request his attorney file an appeal.

### III.   Request for Hearing

[¶ 23] 28 U.S.C. § 2255 requires an evidentiary hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No hearing is required when the claim is inadequate on its face or if the record, files, and motion conclusively demonstrate the defendant is not entitled to the relief he seeks. Anjulo-Lopez v. United States, 541 F.3d 814, 817 (8th Cir. 2008). In this case, the record conclusively shows that Heath understood that the Court was free to sentence Heath to up to 240 months' imprisonment with proper justification. Doc. No. 44, pp. 10:11–11:16. Because the record plainly demonstrates that Heath is not entitled to relief under his claims, an evidentiary hearing is unnecessary.

### CONCLUSION

[¶ 24] For the foregoing reasons, Heath's Motion to Vacate pursuant to 28 U.S.C. § 2255 (Doc. No. 41) is **DENIED**. The Court further **ORDERS**:

   1.   The Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. § 2255 is **DISMISSED**.

2. The Court finds any appeal would be frivolous, could not be taken in good faith, and may not be taken *in forma pauperis*.

3. Based upon the entire record before the Court, dismissal of the Motion is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. Therefore, a certificate of appealability will not be issued by this Court. See Tiedeman v. Benson, 122 F.3d 518, 520 (8th Cir. 1997) (finding a district court possesses the authority to issue certificates of appealability under § 2255(c)). If the petitioner desires further review of his petition, he may request the issuance of a certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with Tiedeman.

[¶ 25]   **IT IS SO ORDERED.**

DATED December 2, 2025.

　　　　　　　　　　　　　　　　　　Daniel M. Traynor, District Judge
　　　　　　　　　　　　　　　　　　United States District Court